# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No. 11-10859
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARNULFO MENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-65-3

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Arnulfo Mendez pleaded guilty to a one-count indictment charging him
and two codefendants, brothers Santiago and Lorenzo Valdez, with conspiracy
to possess with intent to distribute and to distribute 500 grams or more of
cocaine. *See* 21 U.S.C. §§ 841, 846. Mendez agreed to allow his codefendants to
store approximately eight kilograms of cocaine in his home in exchange for
approximately $1,600. While the cocaine was in his home, Mendez allowed
Lorenzo to drive his pickup truck. Lorenzo used the pickup truck during a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

delivery of cocaine to a purchaser. The cocaine remained in Mendez's home for one to two weeks before Mendez was arrested.

The Valdez brothers were part of a larger conspiracy to smuggle drugs from Mexico into the United States. Between 2009 and March 24, 2011, the Valdez brothers possessed and distributed approximately 38.82 kilograms of cocaine. The drug-smuggling operation had been ongoing for at least two years prior to their arrest in this case. Mendez's only involvement in the conspiracy was the storage of drugs in his home.

Mendez appeals his within-guidelines sentence of 120 months on the bases (1) that the district court erred in denying him a mitigating role adjustment under U.S.S.G. § 3B1.2, and (2) that his sentence is substantively unreasonable.

"[Section] 3B1.2 only applies when a defendant is substantially less culpable than the average participant." *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005) (internal quotation marks and citation omitted). "A minor participant adjustment is not appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Miranda*, 248 F.3d 434, 446-47 (5th Cir. 2001). "Section 3B1.2 does not contemplate that the participation level is to be evaluated in reference to the entire criminal enterprise of which the defendant is a part." *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). Instead, the court must determine whether his involvement was "comparable to that of an 'average participant.'" *Id.* When a defendant is not held responsible for "the entire criminal history of the drug organization," but rather, only for the conduct (or drugs) in which he was directly involved, "his role [is] not minor, but actually coextensive with the conduct for which he was held accountable." *Id.* at 598-99.

Mendez was sentenced based on the eight kilograms of cocaine found in his home rather than for the 38.82 kilograms of cocaine distributed by the Valdez brothers between 2009 and March 24, 2011. Therefore, his role was "coextensive

with the conduct for which he was held accountable" and thus was not minor. *See id.*

Mendez points to an amendment to the commentary to § 3B1.2 that took effect after his September 2011 sentencing. *See* U.S.S.G. App. C, Vol. III, amendment 755. The referenced commentary relates to the fact-finding process for a mitigating role adjustment. *See* § 3B1.2, comment. (n.3(C)). In part, Amendment 755 deleted from Application Note 3(D) of § 3B1.2 the following sentence: "As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." The deletion of this sentence does not further Mendez's argument because the district court denied a minor role reduction based upon other factors in addition to Mendez's own assertions, i.e., Mendez's knowing participation in helping the Valdez brothers carry out their drug distribution activities, the hole he dug or allowed someone to dig in his bedroom floor for storage of the drugs; his allowing Lorenzo to use his truck to conduct drug distribution activity, and the money he expected in return for storing and protecting the drugs. Mendez's sentence was based entirely on the conduct in which he was directly involved and on the quantity of drugs that he personally stored. *See Garcia*, 242 F.3d at 598-99. As the district court's finding that Mendez was not a minor participant is plausible in light of the record as a whole, Mendez has not shown that the district court clearly erred in refusing to award a minor role adjustment. *See Villaneuva*, 408 F.3d at 203.

Mendez argues that his 120-month sentence is substantively unreasonable because it did not account for the kinds of sentences available, the nature and circumstances of the offense, or the history and characteristics of the defendant. He notes that he has close ties to his family and that his brother is fighting cancer. According to Mendez, he was struggling to pay bills, was behind on his property taxes, and was about to be evicted from his home when he agreed to

store drugs for the Valdez brothers in exchange for money. Mendez states that he did not threaten or injure anyone during the offense and that he did not organize the criminal enterprise. He was involved for two weeks of a two year operation, he contends, and he had no role in the conspiracy other than to allow the Valdez brothers to store drugs at his home. Finally, Mendez asserts that the district court failed to adequately consider that the offense of conviction carried a statutory sentence of 5 to 40 years.

Mendez has not rebutted the presumption of reasonableness applicable to his within-guidelines sentence; he has not shown that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he has not shown that the district court abused its discretion in imposing his within-guidelines sentence of 120 months. *Gall v. United States,* 552 U.S. 38, 51 (2007)).

AFFIRMED.